UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS L. HAMMONS,<br><br>      Plaintiff,<br><br>v.<br><br>CHARLES MITCHELL, *et al.*,<br><br>      Defendants. | Case No. C18-0740-MJP-MAT<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's second motion for appointment of counsel. The Court, having reviewed plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's second motion for appointment of counsel (Dkt. 25) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 1

of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in his current motion for appointment of counsel, as he did in his first such motion, that counsel should be appointed because he is unable to afford counsel, his imprisonment will limit his ability to litigate this action because the issues involved are complex and will require significant research and investigation, and counsel would be better able to present evidence and cross-examine witnesses at trial. However, as the Court previously noted, plaintiff's assertion that this action is too complicated for him to litigate without assistance lacks support in the record. (*See* Dkt. 10 at 2.) Plaintiff presents relatively straightforward claims relating to his confinement in the segregation unit at the Snohomish County Jail and to the adequacy of the mental health care he is receiving there, and he has clearly demonstrated an ability to articulate the legal and factual bases of his claims without the assistance of counsel. In addition, defendants note in their response to plaintiff's motion that plaintiff has begun serving them with discovery requests, suggesting that plaintiff is indeed capable of litigating this case *pro se* and from within the confines of the Snohomish County Jail. (*See* Dkt. 26 at 3.)

To the extent plaintiff claims that counsel would be better able to present evidence and cross-examine witnesses at trial, the argument is premature. As was the case when the Court denied plaintiff's first motion for appointment of counsel, the record is still not sufficiently well developed to allow this Court to determine whether this matter is likely to proceed to trial and/or whether plaintiff is likely to succeed on the merits of his claims. Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

1 Plaintiff's second motion for appointment of counsel is therefore denied.

2 (2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for
3 defendants, and to the Honorable Marsha J. Pechman.

4 DATED this 15th day of November, 2018.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 3