1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS L. HAMMONS,

                    Plaintiff,

        v.

CHARLES MITCHELL, *et al.*,

                    Defendants.

Case No. C18-0740-MJP-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Travis Hammons is an inmate at the Snohomish County Jail (SCJ) in Everett, Washington.  He has filed a civil rights action under 42 U.S.C. § 1983 in which he alleges violations of his constitutional rights arising out of his ongoing confinement in the maximum security unit at the SCJ.  Defendants in his action are SCJ Classification Specialist Charles Mitchell and SCJ Mental Health Provider Brad Hoover.   Defendants have now filed a motion for summary judgment.  Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but has filed no response to defendants' summary judgment motion.  The Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion for summary judgment should be granted, and that plaintiff's

REPORT AND RECOMMENDATION - 1

amended complaint and this action should be dismissed without prejudice.

BACKGROUND

Plaintiff signed his original civil rights complaint on May 17, 2018, and the Court received the complaint for filing on May 21, 2018. (*See* Dkt. 1.)  Plaintiff alleged therein that defendant Charles Mitchell, a classification officer at the SCJ, refused a request by plaintiff to remove a "keep separate" which had been placed between plaintiff and a fellow inmate, thereby causing plaintiff to remain confined in the segregation unit at the facility. (*See* Dkt 4 at 3.)  Plaintiff indicated in his complaint that though he had filed a grievance concerning the facts relating to his complaint, he had not completed the grievance process. (*Id*. at 2.)  After reviewing plaintiff's complaint, this Court issued an Order directing plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief could be granted because the facts alleged in the complaint did not appear to implicate federal constitutional concerns. (Dkt. 5.)

In response to the Order to Show Cause, plaintiff submitted a motion seeking leave to amend his complaint (Dkt. 6), followed later by a proposed amended complaint (Dkt. 9).  Plaintiff alleged in his proposed amended complaint that he was a pretrial detainee at the SCJ, and that his ongoing confinement in the maximum security unit constituted punishment in violation of his Fourteenth Amendment due process rights. (*See* Dkt. 9 at 5-11.)  Plaintiff also alleged that he had been denied adequate treatment for his mental health issues. (*See id*.)  Plaintiff identified four defendants in his amended complaint, including Classification Specialist Charles Mitchell, Mental Health Provider Brad Hoover, and Classification Committee Members Kimberly Parker and Daniel Stites. (*See id*. at 2.)  Plaintiff indicated in his amended complaint that he had filed a grievance concerning the facts relating to his complaint, and had completed the grievance process. (*Id*.)  The Court granted plaintiff's motion for leave to amend as to defendants Charles Mitchell

REPORT AND RECOMMENDATION - 2

1    and Brad Hoover, but denied the motion as to proposed defendants Kimberly Parker and Daniel

2    Stites. (Dkt. 11.) Plaintiff's amended complaint was served on defendants Mitchell and Hoover,

3    who now move for summary judgment. (Dkts. 13, 15, 16, 34.)

4        Defendants argue in their summary judgment motion that this action should be dismissed

5    because plaintiff failed to comply with the exhaustion requirement of the Prison Litigation Reform

6    Act (PLRA), 42 U.S.C. § 1997e(a). (*See* Dkt. 34 at 13-15.) Defendants argue in the alternative

7    that even if plaintiff had properly exhausted his administrative remedies, plaintiff's housing in the

8    maximum security unit did not violate his constitutional rights, the conditions of plaintiff's

9    confinement in the maximum security unit did not rise to the level of a constitutional violation,

10    and defendants were not deliberately indifferent to plaintiff's mental health needs. (*Id*. at 15-23.)

11    The Court need only address defendants' exhaustion argument.

12                                    DISCUSSION

13        Section 1997e(a) provides that "[n]o action shall be brought with respect to prison

14    conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

15    jail, prison, or other correctional facility until such administrative remedies as are available are

16    exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See*

17    *Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section

18    1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper"

19    exhaustion means full compliance by a prisoner with all procedural requirements of an institution's

20    grievance process. *See id*. at 93-95. Finally, §1997e(a) requires exhaustion before a complaint is

21    filed, and exhaustion of remedies during the course of the litigation does not constitute compliance

22    with this requirement. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

23    If administrative remedies have not been exhausted at the time an action is brought, the action

REPORT AND RECOMMENDATION - 3

1    must be dismissed without prejudice.  *Id.*

2        Failure to exhaust administrative remedies is an affirmative defense which a defendant

3    must plead and prove.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*,

4    549 U.S. 199, 216 (2007)).  A defendant must produce evidence demonstrating that there was an

5    available administrative remedy and that the prisoner did not exhaust that remedy.  *Id.* at 1172.

6    The burden then shifts to the prisoner who must show that there is something in his case that made

7    the existing remedies effectively unavailable to him.  *Id.*   If undisputed evidence viewed in the

8    light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary

9    judgment.  *Id.* at 1166.

10        The SCJ has a grievance procedure through which inmates may seek resolution of

11    complaints or concerns regarding:  facility conditions; conduct or actions by staff members or

12    other inmates; and, operational procedures and practices that adversely affect the inmate

13    personally.  (*See* Dkt. 39-4 at 3.)  The SCJ process involves first attempting to resolve complaints

14    informally through discussion of the concern with a staff member, or submission of a kite.  (*See*

15    *id.*)  If this informal attempt at resolution is unsuccessful, an inmate who wishes to pursue a

16    grievance must complete a grievance form and submit it within three days of the incident being

17    grieved.  (*See id.* at 3-4.)  A written response to an inmate grievance is to be provided to the inmate

18    within 14 calendar days from the date the grievance was received by the responding staff member.

19    (*Id.* at 3.)  The inmate may appeal the grievance response to an administrator within five days of

20    receipt of the response, and a response to the appeal is to be provided within 20 days.  (*See id.* at

21    4.)  The written response to a grievance appeal is considered final and concludes the SCJ grievance

22    process.  (*See id.*)

23        The evidence submitted by defendants in support of their summary judgment motion shows

REPORT AND RECOMMENDATION - 4

that plaintiff filed a grievance on May 12, 2018 complaining about the "keep separate" that had been placed between him and another inmate, and asking that it be removed.  (Dkt. 39-7.) Classification Supervisor Kimberly Parker responded to the grievance on May 17, 2018, advising plaintiff that the "keep separate" would remain in place for safety and security reasons.  (*Id*.) Plaintiff apparently did not appeal that grievance response, but instead elected to file this civil rights action.  As noted above, plaintiff signed his original complaint in this action on May 17, 2018, the same date Ms. Parker denied his grievance related to the "keep separate" issue.  (*See* Dkt. 4 at 4.)

On June 8, 2018, plaintiff filed a grievance complaining about his continued confinement in the maximum security unit, and asking to be returned to general population.[1]  (Dkt. 39-5.)  Ms. Parker responded to the grievance on June 14, 2018, advising plaintiff that the classification committee had reviewed his housing status the day prior and had determined that plaintiff was appropriately housed given his recent assault on another inmate.  (*Id*.)  Plaintiff appealed the grievance response, and Captain Stites responded to the grievance appeal on June 18, 2018, advising plaintiff that he would remain on max status and that his status would be reviewed regularly by the classification committee.  (Dkt. 39-6.)

According to defendants, plaintiff at no time submitted any grievances relating to the conditions of his confinement in the maximum security unit, or to his mental health treatment. (*See* Dkt. 38, ¶ 11; Dkt. 39, ¶ 12.)

Though plaintiff ultimately completed the grievance process with respect to his claim

---

[1]  Ms. Parker states in a declaration submitted in support of defendants' summary judgment motion that plaintiff filed a series of grievances related to his placement in the maximum security unit and that the June 8, 2018 grievance was the first in this series.  (Dkt. 39, ¶ 9.)

REPORT AND RECOMMENDATION - 5

1    regarding his continued confinement in the maximum security unit, he did so only *after* filing this

2    action. As noted above, in order to satisfy the exhaustion requirement, a prisoner must fully

3    exhaust his administrative remedies *before* filing suit.[2] Because the evidence in the record

4    demonstrates that plaintiff did not exhaust his administrative remedies with respect to any of the

5    claims asserted in his amended complaint before he filed this action in May 2018, this action must

6    be dismissed for failure of plaintiff to comply with the exhaustion requirement of 42 U.S.C. §

7    1997e(a).

8                                    CONCLUSION

9         Based on the foregoing, this Court recommends that defendants' motion for summary

10    judgment be granted, and that plaintiff's amended complaint and this action be dismissed without

11    prejudice. A proposed order accompanies this Report and Recommendation.

12                              DEADLINE FOR OBJECTIONS

13        Objections to this Report and Recommendation, if any, should be filed with the Clerk and

14    served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

15    and Recommendation is signed. Failure to file objections within the specified time may affect

16    your right to appeal. Objections should be noted for consideration on the District Judge's motions

17    calendar for the third Friday after they are filed. Responses to objections may be filed within

18

19        [2] In *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010), the Ninth Circuit recognized an exception to the
general rule that a prisoner must exhaust administrative remedies before submitting any papers to the federal courts.

20    The court distinguished between the proper dismissal of unexhausted claims raised in an original complaint and the
improper dismissal of new claims that occurred and were exhausted prior to filing an amended complaint. Specifically,
the Ninth Circuit held that the PLRA's exhaustion requirement was satisfied with respect to new but related claims

21    asserted in a supplemental pleading that "arose after the initial complaint was filed" if the new claims were exhausted
prior to the filing of the supplemental pleading. *Id*. at 1006-07. While it appears from the record that plaintiff

22    completed the grievance process with respect to his claim concerning his continued confinement in the maximum
security unit before filing his amended complaint in which he specifically asserted that claim for the first time, because
the claim arose prior to the time plaintiff filed his initial complaint, he was required to exhaust his administrative

23    remedies for that claim before he filed his initial complaint.

REPORT AND RECOMMENDATION - 6

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 26, 2019**.

DATED this 2nd day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7